IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS,
MAJOR V. CONNORS, and
CHAPLAIN SCOTT,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion to Amend Complaint" (Doc. No. 33, filed December 30, 2010). Plaintiff states he wishes to amend his complaint to add and/or clarify his physical injury. (*Id. at* 1.)

    The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Here, the plaintiff does not attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore, it is

ORDERED that Plaintiff's motion (Doc. No. 33) is DENIED without prejudice.

Dated this 3rd day of January, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge