IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02022-WYD-KMT

WYATT T. HANDY, JR.,

    Plaintiff,

v.

CHIEF DIGGINS;
MAJOR V. CONNORS; and
CHAPLAIN SCOTT,

    Defendants.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court in connection with several motions: "Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" filed November 15, 2010, "Plaintiff's Motion to Amend the Complaint" filed January 14, 2011, and "Plaintiff's Motion to Amend Complaint filed February 25, 2011. The motions were referred to Magistrate Judge Tafoya for a recommendation. A Recommendation of United States Magistrate Judge was issued on March 23, 2011, and is incorporated herein by reference.

By way of background, this is a prisoner civil rights suit alleging that Defendants violated the Religious Land Use and Institutionalized Persons Act ["RLUIPA"] and the First and Fourteenth Amendments by refusing to provide Plaintiff, a Muslim, with a kosher diet in accordance with his religious beliefs. As noted in the Recommendation,

Defendants moved to dismiss on the grounds that the Prison Litigation Reform Act ["PLRA"] bars an inmate from bringing an action for mental or emotional damages absent a showing of physical injury, and that Plaintiff failed to allege facts showing that Defendant Diggins personally participated in the alleged violation. (Recommendation at 5) (citing Mot. Dismiss at 4-7.)  Plaintiff then moved to amend the complaint to clarify his physical injury and Diggins' personal involvement as well as to clarify his RLUIPA claim, his Free Exercise and Equal Protection claims, and his request for relief.  (*Id.*)  Plaintiff then filed another motion to amend to add that he is suing Defendants under RLUIPA in both their official and individual capacities, and to add a Due Process claim under the Fourteenth Amendment. (*Id.* at 5-6.)

Magistrate Judge Tafoya recommends that Defendant's motion, which she treats as a motion to dismiss under Rule 12(b)(6), be granted in part and denied in part.  She first notes that the PLRA bars recovery of mental or emotional injury damages absent an allegation of physical injury.  (Recommendation at 10.)  She then finds that the claims for compensatory damages are barred because Plaintiff "fails to allege any physical manifestation-even a *de minimus* injury—relating to his body or harm caused to his body by Defendants' actions."  (*Id.* at 11.)  Moreover, she finds that Plaintiff's proposed amendment to the complaint to clarify his physical injury would be futile.  (*Id.* at 11.)  However, she finds that Plaintiff's claim for punitive damages survives.  (*Id.*)

Magistrate Judge Tafoya then addressed Defendants' argument that Plaintiff did not allege personal participation on the part of Defendant Diggins.  She found that "Plaintiff has alleged facts to suggest that Chief Diggins was aware of a potential

-2-

constitutional violation, and that he failed to respond to Plaintiff's grievances or intervene on Plaintiff's behalf." (Recommendation at 13.)  The Recommendation then addressed "whether knowledge of alleged misconduct, approval of it, acquiescence in it, or failure to stop it, amounts to the personal participation necessary to state a claim against a supervisor since the Supreme Court's decision in *Ashcroft v. Iqbal*." (*Id.*) Magistrate Judge Tafoya found that courts still have not determined this issue, and that there is a lack of clarity in the law. (*Id.* at 15.)  Given that lack of clarity, she concluded that Plaintiff has alleged sufficient facts to suggest personal participation on the part of Chief Diggins, and recommends that the motion to dismiss the claims against Diggins be denied.  (*Id.*)

Finally, Magistrate Judge Tafoya addressed Plaintiffs' motions to amend, finding that they also should be granted in part and denied in part.  Specifically, she found, given the recommendation that Defendants' motion to dismiss for failure to allege personal participation be denied, that no prejudice will incur to Defendants in allowing Plaintiff to amend his complaint to include additional allegations of personal participation on the part of Diggins. (Recommendation at 18.)  Further, she found no evidence of undue delay, bad faith or dilatory motive or previous failure to cure deficiencies on the part of Plaintiff. (*Id.*)  Accordingly, she recommends that Plaintiff's motion to amend be granted with regard to the proposed additional allegations of personal participation.  (*Id.*) Magistrate Judge Tafoya also recommends that Plaintiff be allowed to amend the substance of his RLUIPA claim and his Free Exercise and Equal Protection Claims, except as to the claims for declaratory or injunctive relief or as otherwise discussed

below.  (*Id.* at 22-23.)  Finally, as to Plaintiff's second motion to amend, it is recommended that Plaintiff be allowed to amend his RLUIPA claim to clarify that he is suing Defendants in both their individual and official capacities, and to add a Fourteenth Amendment Due Process claim for punitive damages.  (*Id.* 24-25.)

In contrast, Magistrate Judge Tafoya finds that Plaintiff's attempts to amend the complaint to clarify his physical injury are futile because the proposed amendments do not allege a physical injury separate from his mental and emotional injuries, as required.  (Recommendation at 18-19.)  She also finds that Plaintiff's attempt to amend his request for relief to add a declaratory judgment claim and injunctive relief is also futile.  (*Id.* at 19.)  She find that those claims are moot as Plaintiff is no longer incarcerated at Denver County Jail.  (*Id.* at 20.)  Magistrate Judge Tafoya also finds that Plaintiff's proposed Free Exercise and Equal Protection Claims against Defendants in their official capacity are barred by the Eleventh Amendment.  (*Id.* at 22-23.)  Finally, she recommends that while Plaintiff can amend his complaint to add a Due Process claim, his request for declaratory and injunctive relief and compensatory damages and his attempt to sue Defendants in their official capacity in connection with this claim are futile.  (*Id.* 25.)  Thus, it is recommended that the motions to amend be denied as to these issues.

Magistrate Judge Tafoya advised the parties that written objections were due within fourteen (14) days after service of the Recommendation, and that the objections must be timely and specific in order to preserve an issue for de novo review.

(Recommendation at 27.)  Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.  Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Tafoya's well reasoned analysis as to the pending motions.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated March 23, 2011, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is **GRANTED** as to Plaintiff's claims for compensatory damages and **DENIED** in all other respects.  It is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint (ECF No. 39) is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** insofar as Plaintiff seeks to bring official capacity claims against Defendants for Free Exercise and Equal Protection violations and with respect to his request for injunctive and declaratory relief and **GRANTED** in all other respects. It is

FURTHER ORDERED that Plaintiff's Motion to Amend the Complaint (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** to allow Plaintiff to add a claim under RLUIPA against Defendants in their individual capacities and to add a Due Process claim seeking punitive damages. It is **DENIED** insofar as Plaintiff seeks to sue Defendants in their official capacities for the alleged Due Process violation and with respect to his request for injunctive and declaratory relief and compensatory damages for the alleged Due Process violation. Finally, it is

ORDERED that the Second Amended Prisoner Complaint (ECF No. 53) is **ACCEPTED** as filed with the following exceptions: Plaintiff's claims for declaratory and injunctive relief and Plaintiff's official-capacities claims against Defendants for Free Exercise, Equal Protection and Due Process violations are not accepted.

Dated: May 6, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge