IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

      Plaintiff,

v.

CHIEF DIGGINS,
MAJOR V. CONNORS, and
CHAPLAIN SCOTT,

      Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for Court to Request the Defendants to Allow the Plaintiff to Have Copies of the Anticipated Deposition" (Doc. No. 75, filed June 14, 2011). Defendants filed their response on July 7, 2011. (Doc. No. 83.)

Plaintiff, who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, seeks an order requiring the defendants to provide him a copy, at their expense, of the transcript of Plaintiff's anticipated deposition. Defendants acknowledge that they anticipate taking Plaintiff's deposition but oppose the motion to provide a copy of the deposition transcript at their expense.

Even though Plaintiff is an indigent litigant, his obligations to finance his own litigation expenses cannot be arbitrarily thrust upon defendants.  "[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay such expenses.  Indeed such a rule would in effect force defendants to finance much of their indigent adversary's trial preparation regardless of the outcome of the case." *Doe v. United States of America*, 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986); *see also e.g.,* 28 U.S.C. § 1902(2); *Tabron v. Grace*, 6 F.3d 147, 158–60; *Badman v. Stark*, 139 F.R.D. 601, 605–06 (M.D. Pa. 1991)("[a] defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees").

Indeed, in *Tabron*, the court acknowledged that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," the ruling did not upset the lower court's decision that it was unnecessary in that case. *Tabron*, 6 F.3d at 159.  Significantly, the plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Id.*  The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." *Id.*

Here, Defendants argue, and the court agrees, that Plaintiff will be the party deposed, and he is the most knowledgeable about his own testimony.  Additionally, other than the fact that Plaintiff is indigent and that his ability to respond to or prepare a potential dispositive motion may be adversely affected without a copy of the transcript, Plaintiff has failed to give a viable reason a copy of his transcript is necessary.

Accordingly, Plaintiff's "Motion for Court to Request the Defendants to Allow the Plaintiff to Have Copies of the Anticipated Deposition" (Doc. No. 75) is DENIED.

Dated this 15th day of July, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge