IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS,
MAJOR V. CONNORS, and
CHAPLAIN SCOTT,

    Defendants.

_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Motion for Leave to File An Amended Complaint." (Doc. No. 93, filed July 20, 2011 [Mot.]) Defendant's "Response and Objection to Plaintiff's Motion for Leave to file Amended Complaint" was filed on August 30, 2011. (Doc. No. 124 [Resp.].) Pursuant to D.COLO.LCivR 7.1C, and Fed. R. Civ. P. 6(d), Plaintiff had until September 16, 2011 to file a reply. Plaintiff failed to file a reply by that date; nor was a reply filed at any time thereafter. Accordingly, this matter is ripe for the court's review and recommendation.

This case involves Plaintiff's allegations that Defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First and Fourteenth Amendments by

refusing to provide him with a kosher diet in accordance with his religious beliefs. In his present Motion, Plaintiff seeks to amend his Amended Prisoner Complaint (Doc. No. 58, filed May 6, 2011) to (1) add the City and County of Denver, a "Mr. Burris," the Panel of Islamic Clerics, and Taalibdin Al-Amin as defendants; (2) amend his Amended Prisoner Complaint to reflect the fact that he is suing Defendants Diggins, Connors, Scott, as well as proposed defendants Burris and Panel of Islamic Clerics, in both their official and individual capacities; (3) add 10 more claims for relief, including five additional constitutional claims, and five state-law tort claims; (4) add an exemplary damages claim for his state-law tort claims; and (5) "eliminate repetitiveness, surplusage, and come closer to the requirements of Fed. R. Civ. P. Rule [sic] 8(a)." (Mot. at 1–2; *see also* Doc. No. 93-1 [Proposed Am. Compl.])

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for

>the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

>The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Defendants argue that Plaintiff's Motion should be denied because (1) it is untimely and unduly delayed; (2) several of Plaintiff's proposed claims were already dismissed in this case; (3) several of Plaintiff's proposed claims would be futile, and (4) Defendants will be prejudiced if Plaintiff's Motion is granted. The court addresses these arguments in turn below.

*A.     Untimeliness & Undue Delay*

As noted above, Defendants argue that Plaintiff's Motion is untimely. (Resp. ¶ 4–5.) At the Preliminary Scheduling Conference held on June 2, 2011, shortly after Chief District Judge Wiley Y. Daniel ruled on Defendants' Motion to Dismiss (*See* Doc. No. 57, filed May 6, 2011 [hereinafter the "May 6, 2011 Order"]),[1] the court set the deadline for joining parties or

---

[1] The local rules of this court provide that a scheduling order and orders for discovery are unnecessary in categories of proceedings listed in Fed. R. Civ. P. 26(a)(1)(B). D.C.COLO.LCivR 16.2.B.2. Fed. R. Civ. P. 26(a)(1)(B) includes *pro se* actions brought by individuals in the custody of the United States, a state, or a state subdivision. Accordingly, the court declined to set the Preliminary Scheduling Conference until after Defendants' Motion to Dismiss was resolved.

amending the pleadings for July 15, 2011. (Doc. No. 67.) Although Defendants contend that Plaintiff's Motion was not filed until July 20, 2011, Defendants fail to note that Plaintiff's Motion was dated July 15, 2011. (Mot. at 2.) Defendants do not dispute that Plaintiff's motion was mailed on that date. Therefore, pursuant to the prison mailbox rule, *Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005), the court finds that Plaintiff's Motion was filed before the deadline for amending the pleadings expired.

Notwithstanding Plaintiff's compliance with the deadline for amending the pleadings, Defendants also argue that Plaintiff's Motion is unduly delayed because Plaintiff now seeks to amend his complaint for the third time since this case was filed in August 2010, and the grounds for his proposed amendments were known to him when he filed his prior motions to amend. While, under different circumstances, the court might be inclined to agree with Defendants, the court declines to reject Plaintiff's proposed amendments on temporal grounds, such as undue delay, when he has fully complied with the pertinent court-ordered deadline.

### B.     *Previously Dismissed Claims*

Next, Defendants argue that many of the claims that Plaintiff attempts to re-assert in his proposed complaint are barred because they were previously rejected in Chief Judge Daniel's May 6, 2011 Order affirming and adopting this court's Recommendation (Doc. No. 52, filed March 23, 2011). (Resp. ¶ 2.) This court agrees and finds that Plaintiff's proposed renewed claims for (1) compensatory damages, (2) declaratory and injunctive relief, and (3) Free Exercise, Equal Protection, and Due Process claims against Defendants in their official capacity were dismissed in Judge Daniel's May 6, 2011 Order. (*See* May 6, 2011 Order.) Plaintiff does

4

not maintain, nor does this court find, that Plaintiff's renewed claims overcome the deficiencies noted in the May 6, 2011 Order. Accordingly, pursuant to the law of the case, the court finds that Plaintiff's Motion is properly denied to the extent that Plaintiff seeks to renew these claims. *Homans v. City of Alburquerque,* 366 F.3d 900, 904 (10th Cir. 2004) ("[T]he law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citation and quotation marks omitted).

### *C.     Futility*

Defendants also argue that several of Plaintiff's proposed claims are futile. (Resp. ¶ 5.) As noted above, leave to amend may be denied where the proposed amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999). In other words, the court is justified in denying a "motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

#### *1.     Claims Against City and County of Denver*

Defendants argue that Plaintiff seeks to add the City and County of Denver ("Denver") as a defendant only because it employs the named Defendants and not based on any asserted identifiable unconstitutional policy or failure to train or supervise. (Resp. ¶ 4.) The court agrees.

Section 1983 does not provide for liability against a municipality under a theory of *respondeat superior*. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978). Rather, municipalities like Denver may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom. *See id.* at 690–91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

> [M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal custom so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law. Municipal liability may be also be based on the decisions of employees with final policymaking authority or the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval. Finally, municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Brammer–Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188–89 (10th Cir. 2010) (internal quotation marks and citations omitted).

The court finds that Plaintiff's proposed allegations do not provide any bases for municipal liability against Denver. First, although Plaintiff alleges that Denver promulgated official policies at the Denver County Jail that required Muslim inmates to be members of a mosque or have an Imam before receiving kosher meals, these allegations are conclusory and unsupported by any reference to Denver's purportedly unconstitutional policy.

In fact, Plaintiff's other allegations plainly contradict this conclusion. Specifically, Plaintiff alleges that "[n]o where in the [Denver County Jail] policy does it specify that inmates have to state what mosque they attend or give a source that can verify . . . that you are a practicing member of a mosque." (Proposed Am. Compl. at 8.) Plaintiff also alleges that he "did everything, exactly the way it's outlined, in the aforementioned policy," but that his request to receive kosher meals was nevertheless still denied. (*Id.*) Accordingly, it is clear from Plaintiff's own allegations that this case does not present a question of any unconstitutional regulation or policy statement promulgated by Denver. Rather, it presents a question of whether certain Defendants failed to abide by the written policy.

Second, Plaintiff's proposed Amended Complaint only includes factually supported allegations that *he* was denied a kosher meal because he did not belong to a mosque or have an Imam. He does not set forth any non-conclusory allegations that other inmates were similarly treated. Consequently, Plaintiff has failed to sufficiently allege that there was a widespread, well-settled, or permanent custom of denying kosher meals to Muslim inmates who are not members of a mosque or do not have an Imam.

Third, Plaintiff has failed to set forth allegations of an unconstitutional decision, or the ratification thereof, by an official with final policymaking authority. Plaintiff maintains that both Defendant Diggins and Defendant Connors are "policy setting official[s], for the City and County of Denver, as it relates to the Denver County Jail." (Proposed Am. Compl. at 23.) However, the court finds that Plaintiff's conclusory allegations that Defendants Connors and

7

Defendant Diggins are officials with final policymaking authority are insufficient to state a claim for relief.

Denver County Jail grievance policy contemplates that, after an inmate's initial grievance has been denied, that inmate may then appeal that decision to the Division Chief—here, Defendant Diggins. (Proposed Am. Compl., Ex. C.) Thus, it is clear that Defendant Connors was not a final policymaker. *Brammer-Hoelter,* 602 F.3d at 1190 (noting that the court should consider "whether the official's decision[s] are final – *i.e.,* subject to any meaningful review" in determining whether an individual is a final policymaker for a municipality). Similarly, Denver County Jail policy also provides that, if still aggrieved, an inmate may also write a personal letter to the Director of Corrections, who "will make the *final* resolution" of the inmate's appeal. (Proposed Am. Compl., Ex. C.) Consequently, pursuant to Denver County Jail policy attached to Plaintiff's proposed Amended Complaint, Defendant Diggins was likewise not a final policymaker. *Brammer-Hoelter,* 602 F.3d at 1190.

Finally, the court finds that Plaintiff fails to sufficiently allege that Denver inadequately supervised and trained its deputies and civilian employees at the Denver County Jail. "Municipal liability based on a policy of inadequate training requires proof that the policy 'reflect[ed] a deliberate or conscious choice by a municipality.'" *Lewis v. McKinley,* 425 F. App'x 723, 726 (10th Cir. 2011) (quoting *City of Canton v. Harris,* 489 U.S. 378, 389 (1989)); *see also Bryson v. City of Okla. City,* 627 F.3d 784, 789 (10th Cir. 2010) ("the City cannot be liable for its failure to train or supervise . . . unless the City's policymakers 'can reasonably be said to have been deliberately indifferent to the need' for further training or supervision"). "This

may be demonstrated 'when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.'" *Lewis*, 425 F. App'x at 726. (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998))

Again, Plaintiff has set forth only conclusory allegations that Denver "inadequately supervise[d] and train[ed] its deputies and civilian employees" and "thereby fail[ed] to adequately discourage further constitutional violations." (Proposed Am. Compl. at 22.) Plaintiff's claims are that he alone was denied a kosher diet. Plaintiff's proposed Amended Complaint does not contain any allegations indicating that Denver, through its policymakers, had actual or constructive notice that its failure to train or supervise jail officers would result in the allegedly unconstitutional conduct that Plaintiff complains of. Accordingly, the court finds that Plaintiff fails to state a claim under this final theory of municipal liability as well.

Altogether, the court finds that Plaintiff's proposed claims against Denver fail to state a claim for relief and are therefore properly rejected as futile. Accordingly, the court finds that Plaintiff's Motion is properly denied with respect to his proposed claims against Denver.

### *2.     42 U.S.C. §§ 1983 and 1985(3) Claims Against Mr. Burris*

Defendants also maintain that Plaintiff fails to allege that Mr. Burris personally participated in the alleged violation of Plaintiff's rights. Plaintiff's only allegations against Burris assert that Burris received copies of Defendant Connors' denial of Plaintiff's grievance. (Am. Compl. at 12-13.)

Plaintiff does not allege, nor is it otherwise clear, that Mr. Burris was acting in a supervisory capacity at the time Plaintiff's constitutional rights were allegedly violated. Therefore, the court analyzes Plaintiff's claims against Mr. Burris under the assumption that he was a non-supervisory official. Although direct participation is not always necessary, in order to impute Section 1983 liability to a non-supervisory defendant, a plaintiff must establish "cause in fact between the conduct complained of and the constitutional deprivation." *Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990) (citations omitted). This "'requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights.'" *Id.* (quoting *Conner v. Reinhard,* 847 F.2d 384, 396-97 (7th Cir. 1988)). Similarly, mere awareness of a constitutional violation is insufficient to state a conspiracy claim pursuant to 42 U.S.C. § 1985(3). *Volk v. Coler,* 845 F.2d 1422, 1432 (7th Cir. 1988) (holding that director of state agency did not personally participate in constitutional violation merely because he was aware of grievance, and, therefore, was not liable under §§ 1983 or 1985(3).)

Plaintiff has not alleged the requisite causal connection with respect to Mr. Burris. Instead, Plaintiff only alleges that Mr. Burris became aware of the alleged violations of Plaintiff's constitutional rights after the fact because he was provided a copy of Plaintiff's grievance denial. (Proposed Am. Compl. at 12-13.) Thus, Plaintiff has failed to allege that Mr. Burris "set in motion" or otherwise was a cause in fact of the alleged deprivation of Plaintiff's constitutional rights. Nor, as noted, is Mr. Burris's alleged awareness of any violation of Plaintiff's constitutional rights sufficient to state a Section 1985(3) conspiracy claim.

Accordingly, the court finds that Plaintiff's Motion is properly denied as futile to the extent that it seeks to assert claims pursuant to Sections 1983 and 1985(3) against Mr. Burris.

### 3.     *Claims Against Proposed Defendant Al-Amin*

Defendants maintain that Plaintiff's proposed claims against proposed defendant Taalibdin Al-Amin should be rejected as futile because, similar to Mr. Burris, Plaintiff seeks to add Mr. Al-Amin only because he is connected with the jail. (Mot. at 3.)

Plaintiff alleges that the Denver County Jail staff consults clerics from the religion which the inmate states he practices to discuss an inmate's application for a religious accommodation and obtains a recommendation as to whether the application should be approved or denied. (Proposed Am. Compl. at 14.) However, Plaintiff's sole allegation against Mr. Al-Amin is that he "is one of the Islamic Clerics at the Denver County Jail." (*Id*.) Notably, Plaintiff does not allege that Mr. Al-Amin was involved in, or even aware of, the decision to deny Plaintiff's grievance. In fact, it is not clear from Plaintiff's allegations that Mr. Al-Amin was even associated with the Denver County Jail at the time Plaintiff's grievance was denied. Consequently, the court finds that Plaintiff fails to state *any* claim for relief against Mr. Al-Amin. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to harm the plaintiff, when the defendant did it, how the defendant's actions harmed him, and what specific legal right the plaintiff alleges the defendant violated). Accordingly, the court finds that

11

Plaintiff's Motion is properly denied as futile to the extent it seeks to add Mr. Al-Amin as a defendant.[2]

### D.   *Undue Prejudice*

Defendants also argue that allowing Plaintiff to amend his complaint at this late juncture will unduly prejudice Defendants by delaying the resolution of this case. (Resp. ¶ 4–5.) Undue prejudice to the non-moving party is the "most important" factor in resolving a motion to amend the pleadings. *Minter v. Prime Equip. Co,* 451 F.3d 1196, 1208 (10th Cir. 2006). "Undue prejudice most often occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

While the court appreciates Defendants' concerns—and acknowledges that this case was originally filed well over a year ago—as to the remaining proposed claims and defendants, the court finds that Plaintiff's proposed amendments are not sufficiently prejudicial to warrant denying Plaintiff's Motion altogether. Although Plaintiff seeks to add a number of new claims and several new defendants, the court finds that Plaintiff's proposed amendments relate to essentially the same subject matter as the prior iterations of Plaintiff's Complaint, and do not propose substantially different issues. Moreover, a trial date has not yet been set in this matter. *See Horn v. Squire,* 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an

---

[2] Defendants have not addressed Plaintiff's proposed claims against the Panel of Islamic Clerics. Upon a review of Plaintiff's proposed Amended Complaint, the court cannot say at this juncture that they are clearly futile. Accordingly, the court preserves judicial resources, and instead will consider that question if and when an appropriate motion to dismiss is filed. *Stender v. Cardwell,* 07-cv-2503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011).

entirely new and different claim to [the plaintiff's] suit little more than two months before trial"). Finally, the court notes that any risk of prejudice to Defendants can likely be mitigated by modifying the Scheduling Order deadlines upon an appropriate motion.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Leave to File An Amended Complaint" (Doc. No. 93) be GRANTED in part and DENIED in part. Specifically, the court recommends that Plaintiff's Motion be DENIED to the extent that it seeks to reassert claims for compensatory damages; claims for declaratory and injunctive relief; and Free Exercise, Equal Protection, and Due Process claims against Defendants in their official capacity. The court also recommends that Plaintiff's Motion be DENIED to the extent that it seeks to allege any claims against the City and County of Denver and Taalibdin Al-Amin, as well as to the extent that it seeks to allege claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) against Mr. Burris. Otherwise, the court recommends that Plaintiff's Motion be GRANTED in all other respects. Accordingly, the court recommends and that the clerk of court be directed to file Plaintiff's third proposed amended prisoner complaint (Doc. No. 93-1) with instructions that it is accepted as filed with the following exceptions:

1. Plaintiff's claims for compensatory damages are not accepted;

2. Plaintiff's claims for declaratory and injunctive relief are not accepted;

3. Plaintiff's Free Exercise, Equal Protection, and Due Process claims against Defendants in their official capacity are not accepted;

4. Plaintiff's claims against the City and County of Denver are not accepted;

5. Plaintiff's claims against Taalibdin Al-Amin are not accepted; and

6. Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) against Mr. Burris are not accepted.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge