IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02022-WYD-KMT

WYATT T. HANDY, JR.,

    Plaintiff,

v.

CHIEF DIGGINS;
MAJOR V. CONNORS; and
CHAPLAIN SCOTT,

    Defendants.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court in connection with Plaintiff's "Motion for Leave to File an Amended Complaint" filed July 20, 2011.  This motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated September 13, 2010, and Memorandum of July 20, 2011.  A Recommendation of United States Magistrate Judge was issued on December 21, 2011, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).

By way of background and as explained in the Recommendation, this case involves claims that Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First and Fourteenth Amendments by refusing to provide Plaintiff with a kosher diet in accordance with his religious beliefs. (Recommendation at 1.)  Plaintiff seeks to amend his Second Amended Prisoner

Complaint (ECF. No. 58) to (1) add the City and County of Denver, a "Mr. Burris", the Panel of Islamic Clerics, and Taalibdin Al-Amin as defendants; (2) reflect that Plaintiff is suing Defendants Diggins, Connors, Scott, as well as proposed defendants Burris and the Panel of Islamic Clerics, in both their official and individual capacities; (3) add ten more claims for relief (five constitutional claims and five state-law tort claims); (4) add an exemplary damages claim for his state-law tort claims; and (5) "eliminate repetitiveness, surplusage, and come closer to the requirements of Fed. R. Civ. P. Rule [sic] 8(a)." (Recommendation at 2) (citing Mot. for Leave to Leave to File an Am. Compl. ["Mot. to Amend"] at 1–2; ECF No. 93-1 [Proposed Am. Compl.])  Defendants oppose the motion to amend.

Magistrate Judge Tafoya recommends therein that Plaintiff's motion to amend be granted in part and denied in part.  (Recommendation at 13.)  Specifically, she recommends that Plaintiff's motion to amend be denied pursuant to the law of the case doctrine as to Plaintiff's attempt to renew claims for compensatory damages, declaratory and injunctive relief, and Free Exercise, Equal Protection and Due Process Claims against Defendants in their official capacities that were previously dismissed by the Court.  (*Id.* at 4-5.)  Magistrate Judge Tafoya also recommends that the motion to amend be denied as to certain of the proposed claims because the proposed amendment would be futile.  (*Id.* 5-12.)  This includes Plaintiff's attempt to add the City and County of Denver as a defendant (*id.* 5-9), to assert 42 U.S.C. §§ 1983 and 1983(3) claims against Mr. Burris (*id.* at 9-11), and to assert claims against proposed defendant Taalibdin Al-Amin.  (*Id.* 11-12.)  As to the other proposed amendments, Magistrate

Judge Tafoya recommends that Plaintiff's motion to amend be granted, and that the clerk of court be directed to file Plaintiff's third proposed amended complaint with the exceptions noted in the Recommendation.

Magistrate Judge Tafoya advised the parties that specific written objections were due within fourteen (14) days of service of a copy of the Recommendation. (Recommendation at 14.) Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings""). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Tafoya correctly analyzed the merits of the motion to amend as required pursuant to Fed. R. Civ. P. 15(a), and that her recommendations regarding the proposed amendments are valid and proper. Accordingly, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that the Recommendation of United States Magistrate Judge dated December 21, 2011, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint filed July 20, 2011 (ECF No. 93) **GRANTED IN PART AND DENIED IN PART** consistent with the Recommendation. The Clerk of Court shall accept for filing Plaintiff's proposed Third Amended Prisoner Complaint (ECF No. 93-1) with the following exceptions: (1) Plaintiff's claims for compensatory damages are not accepted; (2) Plaintiff's claims for declaratory and injunctive relief are not accepted; (3) Plaintiff's Free Exercise, Equal Protection, and Due Process claims against Defendants in their official capacity are not accepted; (4) Plaintiff's claims against the City and County of Denver are not accepted; (5) Plaintiff's claims against Taalibdin Al-Amin are not accepted; and (6) Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) against Mr. Burris are not accepted.

Dated: February 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge