IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT


WYATT T. HANDY JR.,

        Plaintiff,

v.

CHIEF DIGGINS, individual & official capacity,
MAJOR V. CONNORS, individual & official capacity,
CHAPLAIN SCOTT, individual & official capacity,
MR. BURRIS, individual & official capacity, and
PANEL OF ISLAMIC CLERICS, individual & official capacity

        Defendants.

---

# ORDER

---

        This matter is before the court on Plaintiff's "Motion for Court to Order Sterritt Fuller to

Take Deposition Upon Written Questions."  (Doc. No. 176, filed May 15, 2012.)  In his Motion,

Plaintiff seeks a court order, pursuant to Fed. R. Civ. P. 31, directing Sterritt Fuller, the

Programs Coordinator at the Adams County Jail, to take a deposition upon written questions.  In

support of his Motion, Plaintiff notes that he filed a similar motion on July 25, 2011 (*see* Doc.

No. 105) and that the court ordered Defendants to respond to that motion no later than August

18, 2011 (*see* Minute Order, Doc. No. 109).  Plaintiff maintains that Defendants "have never

responded to the aforementioned motion."  (Mot. at 1.)

Although Plaintiff indeed submitted a similar motion in July 2011, his position that Defendants never responded is inaccurate.  Defendants filed a response on August 23, 2011 stating that they opposed Plaintiff's motion because Plaintiff's proposed deposition did not assure strict compliance with the requirements of Fed. R. Civ. P. 31 and because Plaintiff did not include the deposition question he was proposing.  (*See* Doc. No. 122.)  Consistent with Defendants' position, the court denied Plaintiff's July 2011 motion without prejudice at a September 12, 2011 Motion Hearing because the motion failed to designate an officer who would take Mr. Fuller's deposition and, therefore, failed to assure that the deposition would be conducted in accordance with Rule 31.  (*See* Courtroom Minutes/Minute Order, Doc. No. 125, filed Sept. 12, 2011.)

Plaintiff's present Motion does not cure the deficiencies noted by the court at the September 12, 2011 hearing.  Rule 31 requires that a deposition by written questions must be taken by an "officer," who must then prepare and certify the deposition upon completion.  *See* Fed. R. Civ. P. 31(b).  Much like his previous motion, Plaintiff's present Motion fails to designate an officer who will take Mr. Fuller's deposition and prepare and certify the deposition upon its completion.  Accordingly, the court finds that Plaintiff's Motion is properly denied for failure to comply with Rule 31.  *See Woodward v. Mullah,* 08-cv-463(A)(M), 2010 WL 3023117, at *4-5 (W.D.N.Y July 29, 2010) (denying a motion to serve a deposition by written questions for failure to set forth the officer before whom the deposition will be taken); *Patterson v. Bannish,* 3:10-cv-1481 (AWT), 2011 WL 2518749 , at *3 (D. Conn. June 23, 2011) (same, noting that the plaintiff's apparent belief that a Rule 31 deposition is no different than a request

for interrogatories was incorrect).  *See also Merchant v. Lopez,* No. 09-856 WQH (NLS), 2010

WL 3731108, at *2 (S.D. Cal. Sept. 8, 2010) (noting that even an indigent *pro se* plaintiff must

expend his own resources in procuring a deposition officer to issue notice, deliver the questions,

transcribe the deponent's testimony, and file the deposition).

Therefore, it is

ORDERED that Plaintiff's "Motion for Court to Order Sterritt Fuller to Take Deposition

Upon Written Questions" (Doc. No. 176) is DENIED without prejudice.

Dated this 18th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge