IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS, individual & official capacity,
MAJOR V. CONNORS, individual & official capacity,
CHAPLAIN SCOTT, individual & official capacity,
MR. BURRIS, individual & official capacity, and
PANEL OF ISLAMIC CLERICS, individual & official capacity

    Defendants.

---

**MINUTE ORDER**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion for Subpoena" (Doc. No. 179, filed June 5, 2012) is GRANTED. Pursuant to Fed. R. Civ. P. 45(a)(3), Plaintiff requests a subpoena from the Clerk of Court, signed but otherwise blank. Plaintiff's Motion (Doc. No. 179) is GRANTED. Rule 45(a)(3) provides that the Clerk of Court "must issue a subpoena, signed but otherwise, in blank, to a party who requests it."[1]  Fed. R. Civ. P. 45(a)(3). Therefore, the Clerk of Court is directed to send Plaintiff one signed subpoena, featuring the caption of this case, but otherwise blank.

Dated: June 6, 2012

---

[1] Although it grants Plaintiff's Motion, the court finds it prudent to advise Plaintiff that the June 5, 2012 discovery deadline has now expired. Accordingly, to the extent that Plaintiff seeks to use this subpoena to seek documents from a third-party under Rule 45(a)(1), it may well be quashed because service will necessarily occur outside of the discovery deadline. *See Murray v. Crawford,* 08-cv-02045-KMT-KLM, 2009 WL 16000682, at *1-2 (D. Colo. June 4, 2009) (citing cases from other jurisdictions for the proposition that a Rule 45 subpoena does in fact constitute discovery and is therefore subject the scheduling order's general discovery deadlines).