IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS, individual & official capacity,
MAJOR V. CONNORS, individual & official capacity,
CHAPLAIN SCOTT, individual & official capacity,
MR. BURRIS, individual & official capacity, and
PANEL OF ISLAMIC CLERICS, individual & official capacity

    Defendants.

---

## ORDER

---

This matter is before the court on "Sheriff Robinson's Motion to Quash Subpoena to Produce" (Doc. No. 182, filed June 12, 2012), "Defendants' Motion to Quash Subpoena" (Doc. No. 184, filed June 13, 2012), and Plaintiff's "Motion to Command the Production of Documents" (Doc. No. 189, filed June 15, 2012 [hereinafter "Motion to Compel"]). "Plaintiff's Objections and Response to Sheriff Robinson's Motion to Quash Subpoena to Produce" was filed on June 18, 2012 (Doc. No. 191), and "Plaintiff's Objections and Response to Defendants [sic] Motion to Quash Subpoena" was filed on June 19, 2012 (Doc No. 192). Although Defendants have not filed a response to Plaintiff's Motion to Compel, and neither Defendants

nor Sheriff Robinson have filed replies in support of their motions to quash, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

In their motions to quash, Defendants and Interested Party Sheriff J. Grayson Robinson seek to quash a subpoena sent by Plaintiff to the Arapahoe County Sheriff's Department pursuant to Fed. R. Civ. P. 45. That subpoena was issued by the court on May 9, 2012 and sent to the Arapahoe County Sheriff's Department on June 5, 2012. (*See* Robinson Mot. Quash, Ex. A.) Sheriff Robinson argues that the subpoena should be quashed because Plaintiff failed to serve the subpoena consistent with Rule 45(c), and because the Arapahoe County Sheriff's Department has not been allowed sufficient time to respond. Defendants also seek to quash the subpoena because it was served after the close of discovery and because Plaintiff failed to notify Defendants of the subpoena pursuant to Rule 45(b)(1).

The court agrees that the subpoena was improperly served and noticed and is therefore properly quashed.[1] First, Plaintiff's attempt to serve the subpoena by sending it via regular U.S. Mail is insufficient to constitute service under Rule 45(c). *See Windsor v. Martindale,* 175 F.R.D. 665, 670 (D. Colo. 1997); *see also* Fed. R. Civ. P. 45(c).

Second, Plaintiff also violated Rule 45(b)(1) by failing to give Defendants notice of the subpoena sent to Arapahoe County Sheriff's Department. Rule 45(b)(1) expressly provides that, where a subpoena is served on a non-party and request the production of documents, notice must be served on each party before the subpoena is served. Fed. R. Civ. P. 45(b)(1); *see also Butler*

---

[1] Accordingly, the court does not address the remaining arguments raised by Defendants and Sheriff Robinson.

*v. Biocore Med. Tech., Inc.,* 438 F.3d 1163, 1173 (10th Cir. 2003) (noting that the purpose of Rule 45(b)(1) is to provide opposing counsel with an opportunity to object to the subpoena). Here, Plaintiff did not provide Defendants with any notice of the subpoena issued to Arapahoe County Sheriff's Department. Rather, at best, Plaintiff provided notice to Arapahoe County Sheriff's Department, which is not a defendant to this action, but instead is simply the entity targeted by Plaintiff's subpoena. (*See* Mot. to Compel, Ex. A.) Therefore, Plaintiff's subpoena is properly quashed on this ground as well.

Therefore, for the foregoing reasons, it is

ORDERED that "Sheriff Robinson's Motion to Quash Subpoena to Produce" (Doc. No. 182) and "Defendants' Motion to Quash Subpoena" (Doc. No. 184) are GRANTED. The June 5, 2012 subpoena sent from Plaintiff to the Arapahoe County Sheriff's Department is QUASHED.

It is further

ORDERED that Plaintiff's "Motion to Command the Production of Documents" (Doc. No. 189) is DENIED.

Dated this 16th day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge