IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS, individual & official capacity,
MAJOR V. CONNORS, individual & official capacity,
CHAPLAIN SCOTT, individual & official capacity,
MR. BURRIS, individual & official capacity, and
PANEL OF ISLAMIC CLERICS, individual & official capacity

    Defendants.

**ORDER**

    This matter is before the court on Plaintiff's "Motion to Defer or Deny Defendents [sic] Motion for Summary Judgment" (Doc. No. 206, filed July 19, 2012 [Mot.]) and Plaintiff's "Declaration in Support of Plaintiff's Motion to Defer or Deny Defendants [sic] Motion for Summary Judgment" (Doc. No. 207, filed July 19, 2012 [Handy Decl.]).  In his Motion, Plaintiff appears to seek an order, issued pursuant to Federal Rule of Civil Procedure 56(d),[1] denying or

---

[1] Plaintiff's Motion cites to Fed. R. Civ. P. 56(f), which previously governed the relief that Plaintiff seeks.  Rule 56(d) replaced Rule 56(f) in December 2010.  *See E.E.O.C. v. Moreland Auto Group,* No. 11-cv-01512-RBJ-MJW, 2012 WL 2282225, at *2 n.1 (D. Colo. June 18, 2012) (citing Advisory Committee Notes to the 2010 Amendments to Rule 56); *Shayesteh v. Raty,* 404 F. App'x 298, 301 (10th Cir. 2010).

deferring consideration of Defendants' Motion for Summary Judgment (Doc. No. 204, filed July 17, 2012) so that he can obtain additional discovery. (*See* Mot.)

Rule 56(d) provides that

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

A party seeking to defer ruling on a summary judgment motion pursuant to Rule 56(d) must "file an affidavit that explain[s] why facts precluding summary judgment cannot be presented." *Libertarian Party of N.M. v. Herrera,* 506 F.3d 1303, 1308 (10th Cir. 2007) (citation omitted). This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992)).

In his Declaration, Plaintiff maintains that he is unable to respond to Defendant's Motion for Summary Judgment until the court rules on several discovery issues that he believes are outstanding. (*See* Handy Decl. ¶¶ 3, 6.) However, the court already issued rulings on Plaintiff's Motions for Orders Compelling Discovery (Doc. Nos. 187 & 188, filed June 15, 2012), Plaintiff's "Motion to Command the Production of Documents" (Doc. No. 189, filed June 16,

2012), "Sheriff Robinson's Motion to Quash Subpoena to Produce" (Doc. No. 182, filed June 12, 2012), and "Defendants' Motion to Quash Subpoena" (Doc. No. 184, filed June 13, 2012). (*See* Doc. Nos. 197, 198, 199, filed July 16, 2012). No other discovery issues remain to be resolved.

Furthermore, a motion to defer summary judgment under Rule 56(d) "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery." *Bolden v. City of Topeka,* 441 F.3d 1129, 1151 (10th Cir. 2006). The discovery deadline passed on June 5, 2012. (*See* Doc. No. 168, filed Apr. 10, 2012.) Plaintiff does not assert why he was unable to complete the discovery outlined in his Declaration prior to the discovery deadline. Altogether, the time for discovery has now passed and this action must now turn to the summary judgment stage.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion to Defer or Deny Defendents [sic] Motion for Summary Judgment" (Doc. No. 206) is DENIED. Pursuant to D.C.COLO.LCivR 56.1A and Fed. R. Civ. P. 6(d), Plaintiff may respond to Defendants' Motion for Summary Judgment (Doc. No. 204) no later than August 10, 2012.

Dated this 24th day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge