IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02022–WYD–KMT

WYATT T. HANDY JR.,

    Plaintiff,

v.

CHIEF DIGGINS, individual & official capacity,
MAJOR V. CONNORS, individual & official capacity,
CHAPLAIN SCOTT, individual & official capacity,
MR. BURRIS, individual & official capacity, and
PANEL OF ISLAMIC CLERICS, individual & official capacity

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's failure to respond to the court's Order to Show Cause. (Doc. No. 200, entered July 16, 2011.) Plaintiff's Third Amended Prisoner Complaint, filed February 8, 2012, asserts claims against Defendant Panel of Islamic Clerics. (Doc. No. 153.)

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since the Plaintiff's Third Amended Prisoner Complaint was filed in this matter and the Panel of Islamic Clerics have yet to be served. Although Plaintiff is entitled to have the court "issue and serve all process" on his behalf, 28 U.S.C. § 1915(d), the address featured for the Panel of Islamic Clerics is the same as that featured for the remaining defendants and yet those defendants did not and have not accepted service on behalf of the Panel of Islamic Clerics. Plaintiff is required to provide the court with the proper information to locate the Panel of Islamic Clerics before it can be required to answer to this lawsuit.

On July 16, 2012, the court ordered Plaintiff to show cause in writing, on or before August 6, 2012, why his claims against the Panel of Islamic Clerics should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. (Doc. No. 200.) Plaintiff has not responded to the Order to Show Cause to provide further information about the Panel of Islamic Clerics.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve. Here, Plaintiff has failed to provide good cause for his failure to timely serve the Panel of Islamic Clerics.

Therefore, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's claims against Defendant Panel of Islamic Clerics be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of September, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge