IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02022-WYD-KMT

WYATT T. HANDY, JR.,

    Plaintiff,

v.

CHIEF DIGGINS, individual and official capacity;
MAJOR V. CONNORS; individual and official capacity,
CHAPLAIN SCOTT, individual and official capacity,
MR. BURRIS, individual and official capacity,

    Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court in connection with Defendants' Motion and Brief for Summary Judgment filed July 17, 2012. This motion was referred to Magistrate Judge Tafoya for a recommendation. A Recommendation of United States Magistrate Judge was issued on February 26, 2013, and is incorporated herein by reference.

II.    <u>BACKGROUND</u>

This is a prisoner civil rights suit. The facts are set out in detail in the Recommendation, and are incorporated herein by reference. Essentially, Plaintiff, a Muslim, asserts that Defendants failed to provide him with a kosher diet while he was incarcerated at the Denver County Jail ("DCJ"). (Recommendation at 2.) This occurred as a result of Defendants' denial of Plaintiff's request for Special Diet Based

on Religious Beliefs ["Religious Diet Request"], which was required to be filled out pursuant to DCJ policy by all inmates wishing to obtain a religious diet. (*Id.* at 3-4.) Defendants maintain that the purpose of this process is to verify the sincerity of the inmates' claimed religious dietary requirements. (*Id.*)

Plaintiff completed the Religious Diet Request after being booked into DCJ. After a delay of close to two months, Defendant Scott found that Plaintiff did not qualify for participation in the DCJ religious diet program, allegedly based on statements of (1) a representative of the Colorado Department of Corrections that Plaintiff did not receive a special diet while incarcerated there, and (2) a volunteer community clergy member and advisor to Muslim inmates at DCJ identified by Plaintiff as his current Imam that a kosher diet was not a requirement of Plaintiff's religious practices because the DCJ standard diet does not include pork or pork by-products. (*Id.* at 8.) Scott informed Captain Connors of this, who then denied Plaintiff's Special Diet Request by letter of April 15, 2010. However, rather than advise Plaintiff about the grounds relied on by Defendant Scott, the letter stated:

> While you declared at booking that you were of the Islamic faith, it appears that the only time you attempt to or claim to practice that religion is when you are incarcerated . . . . You have not been incarcerated in the last couple of years, yet you cannot state which mosque you attend, nor can anyone verify that you are a practicing member of any mosque . . . . You gave us no information to work with so your request was denied.

(*Id.* at 9) (quoting Ex. D to Mot. Summ. J.)

Plaintiff contends that Connors' assertion that he had not been incarcerated for the last couple of years was incorrect, because Plaintiff had been

incarcerated at the Adams County Detention Facility from November 7, 2008 to April 14, 2009.  (*See* Recommendation at 9.)  Plaintiff further contends that DCJ policy does not require that he demonstrate which mosque he attended or even that he was a practicing member of a mosque, only that his religious declaration be verifiable through a source outside the jail.  (*Id.*)  Ultimately, Plaintiff asserts that he did everything required by the DCJ policy and was nevertheless denied a kosher meal.  (*Id.*)  He then submitted a written release authorization requesting copies of records related to Plaintiff being a Muslim, submitted grievances and kites related to his denial of kosher meals, and provided additional verification information.  (*Id.* at 9-10.)  Defendants did not respond to these requests.  (*Id.* at 10.)

The only remaining claims in the Second Amended Complaint are: (1) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants in both their official and individual capacities; (2) § 1983 claims for violations of Plaintiff's free exercise, equal protection, due process rights against Defendants in their individual capacities; (3) a § 1983 conspiracy claim; (4) a § 1983 failure to intervene claim; (5) a conspiracy claim pursuant to 42 U.S.C. § 1985(3); (6) a neglect to prevent claim pursuant to 42 U.S.C. § 1986; and (7) state law claims for negligence, negligence *per se,* negligent supervision, *respondeat superior,* and civil conspiracy. (*See* Recommendation at 12.)

III.   ANALYSIS

Magistrate Judge Tafoya found in her Recommendation that Defendants' Motion for Summary Judgment should be granted in part and denied in part.  Specifically, as to

the RLUIPA claim, she recommended that summary judgment be granted on the individual capacity claims because RLUIPA does not provide such a cause of action. (Recommendation at 14), but denied as to the official capacity claims. (*Id.* at 14-24.) As to the remaining federal claims, Magistrate Judge Tafoya found that Defendants are entitled to qualified immunity, and therefore summary judgment, "either because (1) Plaintiff has failed to establish a violation of his constitutional rights, or (2) there was no clearly established law to advise Defendants that their conduct at issue in this case was unconstitutional." (*Id.* 25-38, 40.) Finally, it is recommended that the state law claims be dismissed because the court lacks subject matter jurisdiction over the claims pursuant to the Colorado Governmental Immunity Act,. (*Id.* at 38-41.)

Plaintiff filed a Response and Objections to the Magistrate Judge's Findings and Recommendations on March 27, 2013. Although this document was filed late and Plaintiff was advised that no extensions would be granted after the due date for objections to be filed, I will give consider it given the fact that the document was only one date late and Plaintiff is proceeding *pro se*. Plaintiff is advised, however, that in the future documents that are filed late may be stricken and not considered by the Court.

Plaintiff's Objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United*

*States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted). While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

In the case at hand, Defendant objects only to the recommendation to grant summary judgment as to Claim Two, asserting a violation of his First Amendment free exercise rights. All other portions of the Recommendation are thus affirmed, as I find no clear error in regard to same.[1]

As to Claim Two, Magistrate Judge Tafoya found on the merits that Plaintiff established a genuine issue of material fact as to whether Defendants' violated his First Amendment free exercise rights. (Recommendation at 23-30.) Thus, she found that there were genuine issues of material fact as to whether Plaintiff's belief that his Islamic faith required him to consume a kosher diet were sincerely held (*id.* at 15-17) and whether the implementation of the DCJ policy regarding religious diet requests placed a substantial burden on his religious practice (*id.* at 25, 17-21). She also found that while Defendants demonstrated a legitimate penological reason for the DCJ policy, a balancing of the factors in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), "demonstrates that the DCJ policy regarding inmate religious diets is not reasonable." (*Id.* at 25-28.) I

---

[1] When no objections are filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

affirm this portion of the Recommendation, finding it is well supported by the facts and law.

Nonetheless, Magistrate Judge Tafoya found that summary judgment must be granted as to the free exercise claim because there was not any clearly established law to inform Defendants' that their conduct was unconstitutional. (Recommendation at 23-30.) Thus, she found that Defendants should be granted qualified immunity. On that issue, Magistrate Judge Tafoya agreed with Defendants that the relevant inquiry is whether any Supreme Court or Tenth Circuit decision has held that a policy similar to the one implemented by the DCJ is contrary to law. (Recommendation at 29.) She found that Plaintiff had not set forth any case, much less a Tenth Circuit or Supreme Court decision, establishing that a policy similar to the one at issue in this case is unconstitutional, and noted that she had only found one district court decision from outside the Circuit rejecting a similar policy. (*Id.*) "Since a single district court decision from outside this circuit is insufficient to make it 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted[]'", Magistrate Judge Tafoya found that qualified immunity was appropriate. (*Id.* at 29-30.)

Plaintiff objects to this finding, arguing that Defendants' denial of his religious diet request is unrelated to any policy deficiencies, but to intentionally deprive him of his constitutional rights. He asserts that he presented evidence to support this, including the fact that nothing in the DCJ policy gave Defendants the discretion to deny his Kosher diet request, Defendants knew Plaintiff was Muslim, and they failed to contact the Adams County Jail—one of Plaintiff's verifiable sources that had granted his

religious diet request.  Indeed, the Recommendation found that Plaintiff listed the Adams County Detention Facility as a reference in his Religious Diet Request, that Defendant Connors did not contact the Adams County Detention Facility, and that he therefore failed to learn that Plaintiff had qualified for and received a kosher diet while incarcerated at that facility in 2008.  (Recommendation at 21.)  Further, Defendants did not contact Plaintiff to obtain any further information before denying his request for a kosher diet, and ignored Plaintiff's numerous grievances and kites related to the issue as well as the additional verification information he provided.  Plaintiff cites the case of *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001), as support for his argument that summary judgment should have been denied on this claim.  It appears that this case was not previously cited in connection with the summary judgment motion.

     I agree with Plaintiff that Defendants are not entitled to qualified immunity as to the free exercise claim, and sustain his objections.   The essence of Plaintiff's claim is that he did everything required by the DCJ policy and was nevertheless denied a kosher meal.  (*See* Recommendation at 9.)  Thus, Plaintiff does not contest the DCJ policy itself or the reasonableness of the policy.  He contests the Defendants' actions related to the implementation of the policy as well as their failure to respond to Plaintiff's grievances and other actions after their denial of his request for a kosher diet.  Accordingly, I disagree with Magistrate Judge Tafoya that the relevant inquiry is whether the Supreme Court or Tenth Circuit has held that a policy similar to the one implemented by the DCJ is contrary to law.  Instead, the inquiry is whether Defendants'

actions in denying Plaintiff's request for a kosher meal violated Plaintiff's constitutional rights. I find that there is clearly established law on this issue.

A good discussion of this law is found in *Searles v. Van Bebber*, 993 F. Supp. 1350 (D. Kan. 1998), the underlying case to the Tenth Circuit opinion relied on by Plaintiff. In that case, as here, an inmate claimed that the defendants infringed his free exercise rights by refusing to serve him kosher meals. *Id.* at 1351. Also as in this case, the inmate was required to fill out a form requesting this diet in accordance with a prison policy, and made further requests for a kosher diet. *Id.* The defendants denied the plaintiff's requests, purportedly because he had not shown "sincerity" of his religious belief as required by the policy. *Id.* The inmate filed an internal grievance regarding the matter, but the prison decided that no action was warranted. *Id.* In response to the inmate's suit, the defendants filed a motion for summary judgment and sought qualified immunity. *Id.* at 1351, 1353.

The court denied the summary judgment motion. First, it found that the plaintiff's First Amendment right to Kosher meals was clearly established at the time of the alleged violation, noting that "the Tenth Circuit affirmatively resolved this issue in 1991, when it held. . . that an individual's belief in religious dietary practices warrants constitutional protection, regardless whether the religion requires the special diet." *Searles*, 993 F. Supp. at 1353 (citing *LaFevers v. Saffle*, 936 F.2d 1117, 1119 (10th Cir. 1991)). It then looked at "whether defendants' conduct was objectively reasonable in the light of the law and the information they possessed at the time, or whether genuine issues of fact prevent the Court from making such a decision on this record." *Id.* It held

-8-

that, "[v]iewing the evidence in the light most favorable to plaintiff, a rational factfinder could find that defendants' conduct was not objectively reasonable." *Id*. The case then proceeded to trial, and the jury found one of the defendants liable, awarding both compensatory and punitive damages. *See Searles v. Van Bebber*, 251 F.3d 869, 874 (10th Cir. 2001).

Applying the foregoing analysis to the case at hand, I find that Plaintiff has shown that his First Amendment right to kosher meals was clearly established. *LaFevers*, 936 F.2d at 1119; *see also Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002); *Patel v. United States*, No. 97-1083, 1997 WL 764570, at *2 (10th Cir. 1997) (unpublished). Indeed, he cited *LaFevers* in his response to the summary judgment motion at page fourteen. Defendants thus bear the '*burden to prove* that [their] conduct was nonetheless objectively reasonable.'" *Dodds v. Richardson*, 614 F.3d 1185, 1207 n. 13 (10th Cir. 1997) (quoting *Roska ex rel. Roska v. Peterson,* 328 F.3d 1230, 1251 (10th Cir.2003)). I find that Defendants have not met that burden. Viewing the evidence in the light most favorable to Plaintiff, I conclude that a rational factfinder could find that Defendants' conduct was not objectively reasonable in denying Plaintiff's request for a kosher diet.

Relevant to that issue, I note that the Tenth Circuit in *Searles* found that the evidence was sufficient for the jury to determine that punitive damages should be awarded when, among other things, the defendant failed to contact a prison facility where he had received kosher meals and a chaplain at that prison that the plaintiff had given as a reference, enforced a policy requirement that a prisoner display the sincerity

of his beliefs by attending Jewish call out for 90 days before the prisoner would be eligible for a kosher diet but did not follow the procedures in the policy, and did not ask the plaintiff for any further information or attempt to interview plaintiff before denying the request. 251 F.3d at 879-80. The court found that "a reasonable jury could find from this evidence that defendant's actions were in reckless disregard of plaintiff's rights." *Id.*

Similarly, in the case at hand, Defendants failed to contact the Adams County facility which Plaintiff had given as a reference and where he had been provided a kosher diet, even though the county had a policy similar to the DCJ's policy. Plaintiff was also given reasons for the denial of his request for a kosher diet that were either not accurate—that he had not been incarcerated for the last couple of years—or not required by the DCJ policy—the policy does not require that an inmate demonstrate which mosque he attended or even that he was a practicing member of a mosque, only that his religious declaration be verifiable through a source outside the jail. Defendants also did not contact Plaintiff for any additional information before denying his request, and ignored the additional verification information Plaintiff provided as well as grievances, requests and kites protesting the denial of his kosher diet.

I believe that the Tenth Circuit's finding in *Searle* that similar actions could be found to be in reckless disregard of the inmate's rights would also support a finding that such actions are objectively unreasonable. Additionally, I find that Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether he did what was required by the DCJ policy to obtain a special diet and was nevertheless denied his request. A reasonable factfinder could find from the evidence that

Defendants' actions were not objectively reasonable in light of clearly established law. Accordingly, I find that Defendants are not entitled to qualified immunity, and that summary judgment must be denied as to Plaintiff's First Amendment free exercise claim.

IV.     CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge dated February 26, 2013 (ECF No. 243) is **AFFIRMED AND ADOPTED IN PART AND REJECTED IN PART**.  It is **REJECTED** as to the recommendation that Defendants be granted qualified immunity and summary judgment as to Claim Two asserting violations of Plaintiff's First Amendment free exercise rights.  It is **AFFIRMED AND ADOPTED** as to all other findings and recommendations therein.  In accordance with this ruling, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 204) filed July 17, 2012, is **GRANTED IN PART AND DENIED IN PART**.  It is **DENIED** as to Claims One and Two asserting violations of RLUIPA and Plaintiff's First Amendment free exercise clause, and **GRANTED** as to all other claims.

Dated:  March 29, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge